UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BELINDA BARR, | No. 2:25-cv-01619-DC-SCR |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO COMPEL |
| SCHNEIDER ELECTRIC SMART GRID SOLUTIONS LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to compel responses to requests for production. ECF No. 45. The motion to compel is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636. After a hearing on the motion, the Court now GRANTS IN PART and DENIES IN PART the motion to compel as set forth herein.

**I.     Procedural History and Background**

Plaintiff originally filed this action in state court on May 1, 2025. ECF No. 1-2. The action was removed to this Court on June 11, 2025, and Plaintiff now proceeds on an amended complaint filed July 2, 2025. ECF No. 14. Plaintiff alleges "she was wrongfully terminated due to her gender/sex, harassed due to her gender/sex, and retaliated against for reporting." ECF No. 46 at 5. Defendant contends Plaintiff's position was eliminated "as Defendant decided to stop its efforts to develop a market for its Grid Asset products in the U.S., as virtually all of the team and its customers were situated in Europe." *Id*. at 7. Defendant also contends Plaintiff had not been

1

successful at business development.  *Id.*  All of Plaintiff's eight causes of action appear to be based on state law.  Plaintiff names as Defendants her employer (listed in the FAC as "Entity Defendant") and Greg McClellan, an employee and managing agent.

Plaintiff also filed a motion to remand (ECF No. 12), which was taken under submission on July 31, 2025.  ECF No. 29.  Defendant filed an Answer to the FAC.  ECF No. 23.  On August 4, 2025, Defendant McClellan filed a motion to dismiss Count 8, which he asserts is the only claim against him.  ECF No. 30.  The motion to dismiss was taken under submission on August 25, 2025.  ECF No. 34.

The parties submitted a Stipulation for Protective Order (ECF No. 38), that the Court entered.  The parties sought to protect "non-public business materials such as sales/business plans, personal and non-public employee information, Human Resources investigations materials and reports, and other non-public information of similar competitive, personnel, and/or business sensitivity."  ECF No. 38 at ¶ 2.2.  Plaintiff filed the instant motion to compel on April 16, 2026, which seeks to compel responses to RFPs.  ECF No. 45.  The parties submitted a Joint Statement (ECF No. 46) and a hearing was held on May 21, 2026.

## II.     Nature of Disputes and Rulings

Plaintiff's motion to compel originally sought to compel production of documents responsive to 31 RFPs which were directed to Defendant Schneider Electric Smart Grid Solutions LLC ("Schneider").  The parties' Joint Statement (ECF No. 46) states that Schneider produced additional documents and supplemental responses on May 7, 2026.  ECF No. 46 at 5.  The Joint Statement notes that the dispute has been resolved, and the motion withdrawn, as to RFPs 18, 19, 20, 22, 27, 38-39, 41-42, 44-45, 49, and 52-55.  ECF No. 46 at 55.  Before addressing the specific RFPs at the hearing, the Court noted that some of the objections asserted confidentiality or state privacy laws as a reason for the objection.  Those types of objections should generally not be the basis for withholding material, but rather can be addressed via protective order.  There is already a protective order in this case, but if the parties believe it does not cover the material at issue, they can approach the Court with a request to amend the protective order.  Some of the objections also made claims of privilege.  If documents are withheld on the basis of privilege, the withholding

party shall produce a privilege log in accord with Rule 26(b)(5).  The Court will now proceed to address the individual RFPs that remain in dispute:

1. **RFP No. 8**: Please produce any notes of any meeting with Plaintiff which pertains to the allegations in Plaintiff's Complaint.

**Discussion**:  Defendant believes it has produced the responsive documents but contends the RFP is overbroad.  Plaintiff, at oral argument, contends that the intent of this RFP was to refer to 16 meetings that are mentioned in the FAC.  Plaintiff has identified the paragraphs of the FAC referencing those meetings, but had not provided that information to Defendant.

**Ruling**: Plaintiff shall provide Defendant with a list of the 16 meetings and where they are referenced in the FAC.  Then, Defendant shall supplement its response to the RFP to produce any additional responsive documents, or confirm that production is complete.

2. **Request for Production No. 12**:  Please produce any email communication which pertains to the allegations in Plaintiff's Complaint.

**Discussion**:  The parties have met and conferred concerning search terms and custodians.  However, Defendant contends the search terms are still overbroad, for example one such term appeared in an individual's signature block.  Defendant also contends that Plaintiff has requested information from 64 custodians.  Rule 26(b)(1) sets the scope of discovery and provides in relevant part that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense **and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added).  The parties also have an obligation to proceed in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The Court appreciates the parties'

efforts thus far to meet and confer, however further effort is required here.

**Ruling**: The parties shall meet and confer regarding this RFP to attempt to narrow the request by addressing problematic search terms and evaluate whether the number of custodians can be reduced.  If this RFP remains disputed after a further meet and confer process, the parties may file a further Joint Statement and request an expedited hearing on the Court's next regular civil motions calendar at 10:00 a.m. (or 11:00 a.m. for a Zoom hearing), or follow the procedure in the Court's civil standing order to request an informal telephonic discovery conference.

3.  **Request for Production No. 25**: Please produce all documents regarding the training of supervisory personnel to perform investigations.

   **Discussion**: Defendant represents it has produced its policies and is not withholding responsive documents.

   **Ruling**: The Court will direct Defendant to provide a supplemental response to confirm this representation.

4.  **RFP No. 26**:  Please produce all documents regarding the training of supervisory personnel regarding the imposition of discipline.

   **Discussion**:  Defendant represents it has produced its policies and is not withholding responsive documents.

   **Ruling**: The Court will direct Defendant to provide a supplemental response to confirm this representation.

5.  **RFP No. 31**:  Please produce any and all documents sent to or received from any government agency concerning Plaintiff's employment. (i.e. – unemployment, reported injuries, etc.).

   **Discussion**: Defendant contends that the request is vague, ambiguous, and overbroad. Defendant believes there are responsive documents, but that Plaintiff has already obtained the documents through a public records request.  Defendant also argues the documents are not relevant.  Plaintiff counters that the documents are clearly relevant because they pertain to a California Civil Rights Department investigation concerning

4

the same allegations.  Plaintiff contends she needs to confirm she received all the documents through her public records request.  ECF No. 46 at 24-25.

**Ruling**: Defendant shall supplement its response and produce all non-privileged responsive documents.

6. **RFP No. 43**:  All head-count spreadsheets, budget justifications, cost-saving analyses, and approval forms relating to the alleged 2023 "10 % budget reduction" or RIF that purportedly eliminated Belinda Barr's position.

**Discussion**:  Defendant objects to this request as vague, ambiguous, and overbroad.  Defendant further contends it seeks confidential and privileged information.  ECF No. 46 at 27.  Plaintiff contends these documents are relevant because they go towards the purported reason for Plaintiff's termination and are thus relevant to determining if that reason is pretextual.  Defendant's position at the hearing appeared to be that there is not just one or two documents laying out the budgetary issues or RIF, and rather the information is contained in many places, such as individual emails.  The Court finds this information is highly relevant to the pretext analysis.

**Ruling**: Defendant shall supplement its response and produce all non-privileged responsive documents.

7. **RFP No. 47**: If YOU contend that in November 2022 your business leaders were tasked with significantly reducing their budgets for 2023, please produce all DOCUMENTS upon which YOU base this contention.

**Discussion**: This RFP is on the same general subject as RFP 43, in that it concerns budgetary reductions in 2023, and is relevant for the same reasons discussed above.  This request is also narrower, as it pertains to the November 2022 time period.

**Ruling**: Defendant shall supplement its response and produce all non-privileged responsive documents.

8. **RFP No. 48**: All DOCUMENTS (including written communications) sent to, received by, or created by Baptiste Jouffroy from November 1, 2022 until the end of Belinda Barr's employment which refer or relate to discussions about cutting the budget for the

Digital Grid business.

**Discussion**: This RFP again concerns budgetary cuts and the reasons for Plaintiff's termination. It is narrower in scope as it concerns one employee, Baptiste Jouffroy, and a specific time period.

**Ruling**: Defendant shall supplement its response and produce all non-privileged responsive documents.

9. **RFP No. 50**: Please produce all text messages between Baptiste Jouffroy and Belinda Barr.

**Discussion**: The possible relevance of these text messages to Plaintiff's claims is unclear. By Plaintiff's own description, she "expects a very limited universe of documents, as she rarely exchanged tests with Baptiste." ECF No. 46 at 44. Plaintiff points to paragraph 50 of the FAC, where she alleges Jouffroy texted her while Plaintiff was on a work trip to Las Vegas "to check on her." ECF No. 14 at ¶ 50. Plaintiff states she sent a brief response that Defendant "put on a good conference for customers and she had no leads for him." *Id.* That text exchange does not appear relevant to hear claims. Nor does Plaintiff identify other texts that she received from Jouffroy that would be relevant. The parties also discussed in the Joint Statement, and at the hearing, that Mr. Jouffroy's phone may no longer exist.

**Ruling**: The Court denies the motion to compel a further response or production as to this RFP, given the apparent absence of a relevance nexus.

10. **RFP No. 51**: Please produce all text threads (including but not limited to SMS, RCS, iMessage, What's App, or similar programs) on Baptiste Jouffroy's company phone that mention or refer to Belinda Barr.

**Discussion**: Defendant claims the RFP is vague, ambiguous, and overbroad. Defendant further objects that the production of this electronically stored information would be unduly burdensome. ECF No. 46 at 45. Plaintiff contends that the texts are relevant because Jouffroy was Plaintiff's supervisor and allegedly made the decision to terminate her. *Id.* at 46. The Joint Statement indicates that Jouffroy may not have

6

had a "company phone" or that he did have one and it was not preserved. *Id.* Plaintiff requests a supplemental response to clarify.

**Ruling**:  Defendant shall supplement its response and produce all non-privileged responsive documents that can be recovered from any company phone Jouffroy possessed.

11. **RFP No. 56**:  All emails sent or received by Belinda Barr which mention or refer to any of the following: Consumers Energy; CMS; Duquesne Light Company; DLC; Southern Maryland Electric Cooperative; SMECO; Evergy; Nova Scotia Power; NSP; Madison Gas & Electric; MGE; El Paso Electric; Pacific Gas & Electric; PG&E; Watay Power; DTE Energy; DTE; Austin Energy; Entergy; Newfoundland Power; Arizona Public Service; APS; CLECO; Southern California Edison; SCE; Elexicon; Enmax; Tucson Electric Power; TEP; Rochester Public Utilities; RPU; ConEdison; ConEd; SoCal Edison; Power Engineers; K&A; Big Hairy Audacious Goal!; Suriname; Paraguay; Colombia; CPFL; Toronto Hydro; Atco; Manitoba Hydro; BC Hydro; Alectra; NV!; Xcel; San Diego Gas & Electric; SDG&E; SDGE; PSE&G; EPM; ANDE.

**Discussion**: Plaintiff represents that the listed companies in this RFP are customers/potential customers of Defendant and that gathering such emails is relevant to Plaintiff showing the efforts she made while employed to develop new business. Defendant contends that is not relevant, because the fact is that she did not develop new business.  Plaintiff argues that Defendant has not made a sufficient showing concerning the burden involved, as Defendant provides no information about the time, money, or procedures required to produce the documents.  ECF No. 46 at 51. Defendant further argues that because the entities in the RFP are customers/potential customers, the documents will contain confidential business information. *Id*. at 52-53.

**Ruling**: The parties are directed to meet and confer to attempt to narrow this RFP, including by discussing the possibility of agreeing on a sample of representative business targets (as opposed to the full list).  If this RFP remains disputed after a

7

further meet and confer process, the parties may file a further Joint Statement and request an expedited hearing on the Court's next regular civil motions calendar at 10:00 a.m. (or 11:00 a.m. for a Zoom hearing), or follow the procedure in the Court's civil standing order to request an informal telephonic discovery conference.

**III.  Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to compel (ECF No. 45) is GRANTED IN PART and DENIED IN PART as noted above.

2) For the RFPs in which Defendant is directed to provide a supplemental response and/or disclosure, Defendant shall provide such responses/disclosures **within 30 days** of the date of this Order.

SO ORDERED:

DATED: May 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE