UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELINDA BARR,<br>Plaintiff,<br>v.<br>SCHNEIDER ELECTRIC SMART GRID SOLUTIONS, LLC, ET AL.,<br>Defendant. | No. 2:25-cv-01619-DC-SCR<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT GREG MCLELLAN'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AS MOOT</u><br><br>(Doc. Nos. 12, 30, 31) |

This matter is before the court on Plaintiff's motion to remand this case to the Sacramento County Superior Court (Doc. No. 12.) and Defendant Greg McLellan's motion to dismiss (Doc. No. 30.) and related request for judicial notice. (Doc. No. 31.) Pursuant to Local Rule 230(g), the pending motion to remand and pending motion to dismiss were taken under submission to be decided on the papers. (Doc. Nos. 29, 34.) For the reasons explained below, the court will grant Plaintiff's motion to remand and deny Defendant Greg McLellan's motion to dismiss as moot.

**BACKGROUND**

On May 1, 2025, Plaintiff filed this action in the Sacramento County Superior Court against her former employer, Schneider Electric Smart Grid Solutions, LLC ("Schneider

Electric"), and its Chief Financial Officer, Greg McLellan ("McLellan"). (Doc. No. 1-2.) She later filed the operative first amended complaint in this court on July 2, 2025. (Doc. No. 14.)

Plaintiff asserts the following claims against Schneider Electric in her original and first amended complaints: (1) Sex/Gender Discrimination, (2) Adverse Employment Actions in Violation of Public Policy, (3) Sex/Gender Harassment, (4) FEHA Retaliation, (5) California Labor Code § 1102.5, (6) Failure to Prevent Harassment, Discrimination, and Retaliation, and (7) Waiting Time Penalties. (Doc. Nos. 1-2, 14.) Plaintiff also asserts an eighth claim against McLellan under California Labor Code section 558.1. (Doc. Nos. 1-2, 14.)

Plaintiff alleges she was subject to gender-based discrimination, harassment, and retaliation during her employment with Schneider Electric from when she was hired in June 2021 until her termination on January 31, 2023. (Doc. No. 14.) According to her complaint and first amended complaint, Plaintiff was entitled to a Short-Term Incentive Plan ("STIP") bonus of $26,780 for her performance during the 2022 calendar year. (*Id.* at ¶ 82.) Schneider Electric allegedly paid Plaintiff a STIP bonus of $22,212 on March 3, 2023. (*Id.*) Plaintiff alleges Schneider Electric's failure to pay her full STIP bonus immediately upon termination violates California Labor Code §§ 201 and 202 and entitles her to waiting time penalties under California Labor Code § 203. (*Id.* at ¶ 150.)

In addition, Plaintiff alleges McLellan is also personally liable for Schneider Electric's alleged failure to timely pay Plaintiff's full STIP bonus. (*Id.* at ¶¶ 158, 159.) Plaintiff invokes California Labor Code § 558.1, which provides that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." (*Id.* at ¶ 154 (quoting Cal. Lab. Code § 558.1(a)). According to Plaintiff, McLellan, as "managing agent of [Schneider Electric] who exercised control over wages and payroll," caused Schneider Electric to violate California Labor Code, rendering McLellan personally liable under California Labor Code § 558.1 (*Id.* at ¶¶ 158, 159.)

Defendants filed a notice of removal on June 11, 2025, invoking this court's diversity

jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.)

On July 2, 2025, Plaintiff filed the pending motion to remand this action on the ground that because her and McLellan are both California citizens, there is not complete diversity of citizenship as is required for diversity jurisdiction. (Doc. No. 12.) Defendants filed their opposition to the pending motion on July 16, 2025. (Doc. No. 22.) Plaintiff filed her reply on July 25, 2025. (Doc. No. 27.)

McLellan filed the pending motion to dismiss on August 4, 2025.[1] (Doc. No. 30.) Plaintiff filed her opposition thereto on August 15, 2025. (Doc. No. 33.) McLellan filed his reply on August 25, 2025. (Doc. No. 35.)

## LEGAL STANDARD

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to

---

[1] Because the court finds remand is proper, the court will deny as moot McLellan's pending motion to dismiss. (Doc. No. 30). Likewise, McLellan's request for judicial notice in support of his motion to dismiss (Doc. No. 31) will be denied without prejudice.

right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B. Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). If there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," the court must find that a defendant was properly joined and remand the case to state court. *Grancare*, 889 F.3d at 549 (citing *Hunter*, 582 F.3d at 1046).

The party opposing remand bears a "heavy burden" of proving fraudulent joinder, and there is a presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007). The court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Cosby v. Autozone, Inc*., No. 2:08-cv-505-DAD-LKK, 2008 WL 2875355, at *2 (E.D. Cal. July 23, 2008). Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA US LLC*, No.

1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

**ANALYSIS**

In her motion to remand, Plaintiff argues that complete diversity of citizenship is lacking because Defendants fail to prove she "fraudulently" joined McLellan.[2] (Doc. No. 12). Plaintiff argues her sole claim against McLellan is colorable, and Defendants have therefore failed to show fraudulent joinder by clear and convincing evidence. (*Id.* at 4-9.) In opposing Plaintiff's motion to remand, Defendants argue that Plaintiff's sole claim brought against McLellan is not colorable because he cannot be liable under California Labor Code § 558.1. (Doc. No. 22 at 2-10.) Consequently, Defendants contend, McLellan is a "sham" defendant whose citizenship must be disregarded in evaluating diversity jurisdiction. (*Id.*)

Under California Labor Code section 558.1, "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Cal. Lab. Code § 558.1(a). The term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer. Cal. Lab. Code § 558.1(b).

To be held liable under section 558.1, a person acting on behalf of an employer must "either have been personally involved in the purported violation" or "had sufficient participation in the activities of the employer, including, for example, over those responsible for the alleged wage and hour violations" such that the individual may be deemed to have contributed to and

[2] Plaintiff also argues in her motion that McLellan is a "member" of Schneider Electric, rendering Schneider Electric a California citizen. (Doc. No. 12 at 9.) On July 2, 2025, Plaintiff filed a request for judicial notice of Schneider Electric's filings with various Secretaries of State, purporting to show McLellan is a "member" of Schneider Electric to support Plaintiff's argument that Schneider Electric is a California citizen. (Doc. No. 12-2.) Because the court finds McLellan was not fraudulently joined and remand is proper on that basis alone, the court need not determine whether McLellan is a "member" of Schneider Electric. Accordingly, the court will deny Plaintiff's request for judicial notice without prejudice. (Doc. No. 12-2.)

caused a violation. *Usher v. White*, 64 Cal. App. 5th 883, 896–97 (2021). Liability under section 558.1 "cannot be determined under any bright line rule, as this inquiry requires an examination of the particular facts in light of the conduct, or lack thereof, attributable to the [individual]." *Id.* at 897. In *Usher*, service technicians filed a class action against DirecTV and their employer, White Communications, alleging defendants misclassified plaintiffs as independent contractors, resulting in wage and hour law violations. *Id.* at 887–88. The plaintiffs also sought to hold White Communications' owners personally liable under Labor Code section 588.1. *Id.* at 886. The court concluded the trial court properly granted summary judgment in favor of one of the owners regarding the section 588.1 claim. *See id.* at 901. In doing so, the court reasoned that the owner did not participate in the decision to classify plaintiffs as independent contractors, played no role in hiring technicians, and did not draft or contribute to any of the independent contractor agreements. *Id.* at 878. The court also found the owner did not participate in day-to-day operations, nor did she make decisions regarding the operation or management of White Communications. *Id.* at 898. The court in *Usher* also distinguished the decision in *McDonald v. Ricardo's on the Beach, Inc.*, No. 11-cv-9366-PSG-MRW, 2013 WL 153860, at *4 (C.D. Cal. Jan. 15, 2013), a decision cited by the parties in this case, and explained that the owner "did not create company policy" with respect to the alleged wage and hour violations. *Id.* at 899.

Further, "an owner's or officer's approval of a corporate policy that violates the Labor Code is sufficient to find that individual caused the Labor Code violation within the meaning of section 558.1." *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 58 (2022). In *Espinoza*, an employee sued his former employer, Hepta Run, Inc., and its individual owner for wage and hour violations and unfair business practices. *Id.* at 48. The court ruled the owner could be held personally liable under section 558.1 based on undisputed testimony that the owner approved the policy causing the alleged wage and hour violation. *Id.* at 59–60. Agreeing with the decision in *Usher*, the court in *Espinoza* also added that "to be held personally liable [an owner, officer, or director] must have had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations." *Id.* at 59.

Here, Defendants argue Plaintiff's allegations are devoid of facts supporting her claim

against McLellan. (Doc. No. 22.) Specifically, Defendants aver that Plaintiff's allegations are insufficient to reasonably infer that McLellan was personally involved in the purported violations, sufficiently participated in the activities of Schneider Electric, or oversaw or influenced Schneider Electric's policies relating to the purported violations. (*Id.*). In a declaration filed concurrently with Defendants' notice of removal, McLellan states he did not supervise Plaintiff or manage her employment "in any way." (Doc. No. 1-3 at ¶ 5.) He further states he was not involved in "determining the amount of Plaintiff's STIP bonus," did not "participate in the decision to approve Plaintiff's STIP bonus," and was not involved "in any way" in calculating or issuing Plaintiff's final pay. (*Id.*) McLellan also states "[t]he final calculation of each eligible employee's STIP bonus is usually determined in March, and the bonuses are usually paid in April." (*Id.* at ¶ 4.)

But Defendants' argument disregards Plaintiff's numerous allegations, including that: (i) McLellan was a "member, manager, officer, and managing agent for [Schneider Electric]"; (ii) McLellan had "authority and responsibility over all employees" including those employees responsible for allegedly failing to timely pay Plaintiff's full STIP bonus in violation of the Labor Code; and (iii) McLellan drafted, ratified, or approved Schneider Electric's policy of waiting until April to pay STIP bonuses, which Plaintiff alleges was unlawful. (Doc. No. 14 at ¶ 159.) Plaintiff therefore alleges facts attributing McLellan's activities to an alleged violation of the Labor Code. Thus, like in *Espinoza*, McLellan is alleged to have had "some influence on corporate policy that resulted in Labor Code violations." *Espinoza*, 74 Cal. App. 5th at 59. Further, this case is distinguishable from *Usher* because McLellan, as alleged in the complaint and as stated in his own declaration, is "responsible for high-level financial and strategic planning and forecasting for" Schneider Electric. (Doc. No. 1-3, 14.) Thus, unlike the owner in *Usher*, McLellan allegedly made decisions regarding the operation or management of Schneider Electric and "create[d] company policy" with respect to wage and hour violations at issue here. *Usher*, 64 Cal. App. 5th at 899. Though Defendants vigorously dispute Plaintiff's factual allegations (Doc. No. 22), the court must resolve all disputed questions of fact in favor of Plaintiff. *Cosby*, 2008 WL 2875355, at *2. Plaintiff thus alleges facts that could support a claim under section 558.1.

Defendants contend Plaintiff's allegations "run afoul" of the pleading requirements to state a claim (Doc. No. 22 at 6), but this contention is immaterial to the pending motion. "[T]he test for fraudulent joinder and for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* The relevant inquiry is whether there is a possibility that a state court would find that the complaint states a cause of action against McLellan. *See id.* Despite the purported defects in Plaintiff's allegations, Plaintiff has alleged facts sufficient to *possibly* state a claim against McLellan. Defendants have not shown by clear and convincing evidence there is no possibility a state court would find that the complaint states a cause of action against McLellan.

Thus, the court will grant Plaintiffs motion to remand and deny Defendants' motion to dismiss as moot.

**CONCLUSION**

For the reasons discussed above:

1. Plaintiff's motion to remand this case to the Sacramento County Superior Court (Doc. No. 12) is GRANTED;
2. Plaintiff's request for judicial notice (Doc. No. 12-2) is DENIED without prejudice;
3. Defendant Greg McLellan's motion to dismiss (Doc. No. 30) is DENIED as having been rendered moot by this order;
4. Defendant Greg McLellan's request for judicial notice (Doc. No. 31) is DENIED as having been rendered moot by this order;

/////
/////
/////
/////
/////
/////

5. This matter is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c); and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge